**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2013, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| F.G.,      ) | |
|      ) | |
|      Appellant-Respondent,      ) | |
|      ) | |
|      vs.      ) | No. 49A04-1208-JV-415 |
|      ) | |
| STATE OF INDIANA,      ) | |
|      ) | |
|      Appellee-Petitioner.      ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
Scott B. Stowers, Magistrate
Cause No. 49D09-1205-JD-1185

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

F.G. appeals the juvenile court's adjudication that he committed the delinquent act of intimidation, a Class D felony if committed by an adult. F.G. presents a single issue for our review, namely, whether the State presented sufficient evidence to support the delinquency adjudication. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2012, Indianapolis Metropolitan Police Officer Brandon Shirey responded to a report of a disturbance between F.G. and his mother at their residence. Upon arriving at the scene in a marked car and in full uniform, Officer Shirey learned that the dispute was based on F.G. not wanting to go to school. Officer Shirey escorted F.G. out of the residence, telling F.G. that it was time for school. While he was doing so, F.G. "stopped" and "ball[ed] up his hands and fists and sa[id] oh man, oh man" towards Officer Shirey. Transcript at 10. After proceeding further, F.G. again turned towards Officer Shirey "and squared off towards [the officer] and dropped his chin and looked at [the officer] and said what's up now." Id. at 11.

Once outside, F.G. walked to the middle of the street, turned around, and continued directing profanities at his mother. Officer Shirey placed F.G. in handcuffs for disorderly conduct. F.G. then "[s]tarted spouting off things like know you're tough now these handcuffs are on, if these cuffs weren't on it'd be basically a different story," id. at 16; that Officer Shirey "was lucky that [F.G.] didn't turn around and swing on [him] on the stairs," id.; and that, "if [Officer Shirey] came back to the residence [F.G.] would box [him] and . . . smash [him]," id. at 17. Officer Shirey told F.G. that he could not threaten

2

a uniformed police officer with violence, but F.G. continued to make similar comments until he was transported from the scene.

The State filed a delinquency petition against F.G. for intimidation, as a Class D felony if committed by an adult. After a fact finding hearing, the court entered a true finding on the State's petition. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, F.G. challenges the sufficiency of the evidence supporting his adjudication. When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. A.E.B v. State, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). When reviewing the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. Id. We consider only "the evidence of probative value and the reasonable inferences that support the determination." Id.

To prove intimidation, as a Class D felony if committed by an adult, the State had to prove that F.G. "communicate[d] a threat to another person, with the intent . . . that the other person be placed in fear of retaliation for a prior lawful act" and that the person to whom the threat was communicated was a law enforcement officer. Ind. Code § 35-45-2-1. Here, F.G. asserts that any threats from an unarmed minor to an armed officer are implausible; that there is no evidence to support State's suggestion that F.G.'s statements were made in response to being placed in handcuffs; and that "F.G.'s threats actually

3

referred to future action by Shirey, specifically, Shirey coming back to F.G.'s residence." Appellant's Br. at 8. We are not persuaded.

A reasonable fact finder could conclude on this record that F.G. intimidated Officer Shirey. During the course of Officer Shirey's lawful response to the report of a disturbance at F.G.'s residence, inside the home F.G. twice exhibited behavior towards Officer Shirey suggesting that he would fight the officer in retaliation for the officer's lawful act of intervening in the dispute. Those facts alone support the juvenile court's adjudication. But, once outside, F.G. also told Officer Shirey that, "you're tough now that these handcuffs are on, if these cuffs weren't on it'd be . . . a different story." Transcript at 16. That statement suggest that F.G. wanted to fight Officer Shirey in retaliation for the officer's lawful act of handcuffing F.G. for his disorderly conduct in the public street. F.G.'s arguments to the contrary on appeal ignore the evidence most favorable to the adjudication. The State presented sufficient evidence to support F.G.'s adjudication, and we affirm the juvenile court's determination.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.